UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DIVISION

| | |
|---|---|
| ARNOLD OIL COMPANY OF AUSTIN, L.P., <br> *Plaintiff* <br><br> v. <br><br> FEDERATED MUTUAL INSURANCE COMPANY, <br> *Defendant* | § § § § § § § § § § | No. 1:20-CV-01066-RP |

**REVISED ORDER SETTING HEARING**

Before the Court is Plaintiff Arnold Oil Company's Second Motion to Compel, Dkt. 52, and Plaintiff's Opposed Motion to Refer to Mediation, Dkt. 43. The District Court referred the motions for disposition pursuant to Rule CV-72, Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and 28 U.S.C. § 636(b)(1)(A). Having reviewed the motions, the undersigned enters the following Order.

The parties are **ORDERED** to meaningfully confer telephonically or in person regarding the issues in both motions and **FILE** a Joint Advisory with the Court **before 2:00 p.m. on Wednesday, November 9, 2022.** The advisory should discuss the parties' conference, identify any remaining disputed issues that will require resolution by the undersigned, and set forth briefly the parties' respective positions on each remaining issue. Additionally, the parties must serve on opposing counsel any demonstrative exhibits or presentation materials intended to be used during the hearing by **5:00 p.m. of the business day prior to the hearing**.

**IT IS FURTHER ORDERED** that the parties are **TO APPEAR** for an in-person hearing before the undersigned on **Thursday, November 10, 2022, at 2:00 p.m.** The hearing will last no more than 1 hour with each side afforded 30 minutes to make its arguments on both motions. As the Court instructed when it previously set a motion to compel filed by Arnold Oil based on Federated's refusal to participate in discovery, *see* Dkt. 31, Federated should be prepared to explain how the pendency of its motion to dismiss warrants an "exception[al]"[1] stay of discovery in this case, a standard that Federated fails to acknowledge in its response to Arnold Oil's motion (indeed, Federated does not cite a single case in support of its opposition to Arnold Oil's discovery). Federated should also be prepared to show cause why the Court, if it grants Arnold Oil's motion, should not award Arnold Oil the sanctions it requests, including its reasonable expenses and attorneys' fees incurred in connection with filing this second motion to compel. *See* Dkt. 52, at 9; *see also* Fed. R. Civ. P. 37(a)(5) (authorizing courts to award expenses against any party that is uncooperative in discovery).

SIGNED October 21, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE

---

[1] *Hernandez v. Baylor Univ.*, No. 6-16-CV-069-RP 2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016) (denying motion to stay and observing that "[w]hile discovery may be stayed pending the outcome of a motion to dismiss, the issuance of a stay is by no means automatic" and "is the exception rather than the rule").